FREEHILL, HOGAN & MAHAR, LLP
80 Pine Street
New York, NY 10005
(212) 425-1900
Patrick J. Bonner (PB3352 )

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CHARLES P. RAMSEY,

                              07 Civ. 6798 (KARAS)

        Plaintiff,

    -against-                     **ANSWER**

MARINE TRANSPORT CORPORATION,
MARINE PERSONNEL & PROVISIONING
COMPANY LLC, CROWLEY MARITIME
CORP., WILMINGTON TRUST COMPANY,
WILMINGTON TRUST COMPANY AS
OWNER TRUSTEE FOR DELAWARE BAY
VESSEL TRUST

        Defendants.
-----------------------------------------------------------X

        Defendants MARINE TRANSPORT CORPORATION, MARINE PERSONNEL & PROVISIONING COMPANY LLC, CROWLEY MARITIME CORP., WILMINGTON TRUST COMPANY, WILMINGTON TRUST COMPANY AS OWNER TRUSTEE FOR DELAWARE BAY VESSEL TRUST by their attorneys, Freehill Hogan & Mahar, LLP, answers Plaintiffs' Complaint upon information and belief as follows:

    1.    Denies knowledge or information sufficient to form a belief regarding the allegations contained in paragraphs 1, 15 and 16 of the Complaint

    2.    Deny the allegations contained in paragraphs 2, 8, 17, 18, 19, 20, 21, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 47 and 48 of the Complaint.

NYDOCS1/289353.1

3.  Admit the allegations contained in paragraphs 3, 4, 5, 6, 7, 9, 10, 11, 12, 13, 22, 23 and 46 of the Complaint.

4.  Defendants deny knowledge or information sufficient to form a belief regarding the existence of a corporation named "Wilmington Trust Company As Owner Trustee For Delaware Bay Vessel Trust" and deny knowledge and information sufficient to form a belief regarding the remaining allegations contained in paragraph 14 of the Complaint.

5.  Defendants, with the exception of Marine Personnel & Provisioning Company LLC deny that the Court has subject matter jurisdiction over this matter pursuant to the Jones Act, 46 U.S.C. §30104 et. seq. and deny the remaining allegations contained in paragraph 49 of the complaint.

6.  Defendants, with the exception of Marine Personnel & Provisioning Company LLC deny that the allegations contained in paragraph 50 of the complaint.

7.  Defendant Marine Personnel & Provisioning Company LLC admits jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1333 but denies the remaining allegations contained in paragraph 50 of the complaint. The other defendants deny the allegations contained in paragraph 50 of the complaint.

### ANSWER TO COUNT I

Marine Transport Corporation answering the allegations contained in Count 1 states the following:

8. Defendant repeats its responses to the allegations set forth in paragraphs 1-4, 17-21 and 46-50 of the complaint.

9. Denies the allegations contained in paragraph 52, 53 and 54 of the Complaint.

## ANSWER TO COUNT II

Marine Transport Corporation answering the allegations contained in Count II states the following:

10. Defendant repeats its responses to the allegations set forth in paragraphs 1-4, 17-21 and 46-50 of the complaint.

11. Defendant denies the allegations contained in paragraphs 56, 57 and 58 of the complaint.

## ANSWER TO COUNT III

Marine Personnel & Provisioning Company LLC answering the allegations contained in Count III states the following:

12. Defendant repeats its responses to the allegations set forth in paragraphs 1, 5-7, 22-27 and 46-50 of the complaint.

13. Denies the allegations contained in paragraphs 60, 61 and 62 of the complaint.

## ANSWER TO COUNT IV

Marine Personnel & Provisioning Company LLC answering the allegations contained in allegations contained in Count IV states the following:

14. Defendant repeats its responses to the allegations set forth in paragraphs 1, 5-7, 22-27 and 46-50 of the complaint.

15. Defendant denies the allegations contained in paragraphs 64, 65 and 66 of the complaint

### ANSWER TO COUNT V

Crowley Maritime Corp. answering the allegations contained in Count V states the following:

16. Defendant repeats its responses to the allegations set forth in paragraphs 1, 8-10, 28-33 and 46-50 of the complaint.

17. Defendant denies the allegations contained in paragraphs 68, 69 and 70 of the complaint.

### ANSWER TO COUNT VI

Crowley Maritime Corp. answering the allegations contained in allegations contained in Count VI states the following:

18. Defendant repeats its responses to the allegations set forth in paragraphs 1, 8-10, 28-33 and 46-50 of the complaint.

19. Defendant denies the allegations contained in paragraphs 72, 73 and 74 of the complaint.

## ANSWER TO COUNT VII

Wilmington Trust Company. answering the allegations contained in allegations contained in Count VII states the following:

20. Defendant repeats its responses to the allegations set forth in paragraphs 1, 11-13, 34-39 and 46-50 of the complaint.

21. Defendant denies the allegations contained in paragraphs 76, 77 and 78 of the complaint.

## ANSWER TO COUNT VIII

Wilmington Trust Company answering the allegations contained in allegations contained in Count VIII states the following:

22   Defendant repeats the responses to the allegations set forth in paragraphs 1, 11-13, 34-39 and 46-50 of the complaint.

23   Defendant denies the allegations contained in paragraphs 80, 81 and 82 of the complaint.

## ANSWER TO COUNT IX

There is no corporation named Wilmington Trust Company as Owner Trustee for Delaware Bay Vessel Trust. Wilmington Trust Company will respond to the allegations contained in Counts IX and X and states:

24   Wilmington Trust Company repeats the responses to the allegations set forth in paragraphs 1, 14-16 and 40-50 of the complaint.

25   Wilmington Trust Company denies the allegations contained in paragraphs 84, 85, 86, 88, 89 and 90 of the complaint.

### FIRST AFFIRMATIVE DEFENSE

26.   The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

27.   Any damages sustained by the Plaintiff due to personal injuries, which are denied, were caused or contributed to by Plaintiff's comparative negligence, and should be reduced in accordance with his comparative negligence.

### THIRD AFFIRMATIVE DEFENSE

28.   Plaintiff had the primary duty to perform the task in which he was engaged in at the time of his injury and was injured as a result of his breach of the primary duty rule as a result of which he cannot recover from Defendants.

### FOURTH AFFIRMATIVE DEFENSE

29.   Plaintiff has reached maximum medical cure.

### FIFTH AFFIRMATIVE DEFENSE

30.   Plaintiff has failed to mitigate his damages.

### SIXTH AFFIRMATIVE DEFENSE

31. Plaintiff's alleged injuries, if any, were caused by the negligence on the part of persons or entities for whom Defendants are not responsible.

### SEVENTH AFFIRMATIVE DEFENSE

32. None of the defendants owned the vessel Delaware Bay on the date of the Plaintiff's alleged injury and therefore none of the defendants can be liable to the plaintiff for any negligence, unseaworthiness or other claims.

### EIGHTH AFFIRMATIVE DEFENSE

33. With the exception of Marine Personnel & Provisioning Company LLC, none of the defendants were the employer of the plaintiff for the purposes of the Jones Act and cannot be liable to him pursuant to the Jones Act.

### NINTH AFFIRMATIVE DEFENSE

34. Plaintiff's injuries were caused by an act, a) of God or b) or unforeseeable event.

WHEREFORE, defendants, Marine Transport Corporation, Marine Personnel & Provisioning Company LLC, Crowley Maritime Corp. and Wilmington Trust Company named as Wilmington Trust Company and also Wilmington Trust Company named as Wilmington Trust Company, as Owner Trustee for Delaware Bay Vessel Trust respectfully request judgment in their favor and against the plaintiff, dismissing the complaint together with costs and attorneys fees and such other relief as to this court seems just proper.

Dated: New York, New York
August 30, 2006

```
                                        FREEHILL, HOGAN & MAHAR, LLP
                                        Attorneys for Defendant
                                        Defendants

                                By:     _____
                                        Patrick J. Bonner (PB 3352)
                                        80 Pine Street
                                        New York, NY  10005
                                        (212) 425 1900


TO:     David J. Berg, Esq.
        Latti & Anderson LLP
        30-31 Union Whart
        Boston, MA 02109
```